# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **ORLANDO WALTON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Civil Case No.:** |
| v. ) | |
| ) | |
| **GFA ALABAMA, INC.,** ) | **JURY DEMANDED** |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** Plaintiff, Orlando Walton ("Plaintiff"), by and through his undersigned counsel of record, and files this Complaint against GFA Alabama, Inc. ("Defendant"). As grounds for this Complaint, Plaintiff states the following:

## INTRODUCTION

1. This suit is authorized and brought to secure protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991 ("Title VII") and 42 U.S.C. §1981.

## JURISDICTION AND VENUE

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331, § 1343(a)(3), and 42 U.S.C. § 2000e-5(f)(3).

3. The unlawful employment practices described herein were committed in Madison County, Alabama and, therefore, venue lies in the United States District Court for the Northern District of Alabama, Northeastern Division, pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

4. Plaintiff is a citizen of the United States of America, who currently resides in Madison County, Alabama.

5. Plaintiff is over the age of nineteen (19).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) of Title VII, in that it engages in an industry affecting commerce, and has employed more than fifteen (15) people for the requisite duration under Title VII.

7. Defendant was Plaintiff's employer at all times relevant to this Complaint.

8. Defendant is a domestic corporation formed in the State of Alabama, with a principal address of 6211 Fairfax Bypass, Valley, Alabama 36854.

## ADMINISTRATIVE REMEDIES

9. Plaintiff filed two (2) Charges of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") against Defendant.

10. Charge No. 420-2020-02217 (the "First Charge") was filed on June 5, 2020.

11. Plaintiff alleged discrimination based on race and retaliation in the First Charge.

12. Plaintiff filed Charge No. 420-2020-02858 (the "Second Charge") on August 20, 2020, following Defendant's termination of his employment. (Attached hereto as "**Exhibit A**").

13. In the Second Charge, Plaintiff alleged discrimination based on race, and retaliation based upon his opposition to conduct constituting discrimination and participation in the EEOC's administrative process by filing and prosecuting the First Charge.

14. On September 30, 2021, Plaintiff received the Right to Sue for the Second Charge ("RTS"). (Attached hereto as "**Exhibit B**").

15. Plaintiff has now filed his Complaint within ninety (90) days of his receipt of the RTS for the Second Charge, and has, therefore, exhausted all administrative remedies with respect to the Charge before filing his claims with this Court.

## FACTS

16. Plaintiff re-alleges and incorporates paragraphs one (1) through fifteen (15) as if fully set forth herein.

17. In or about August 2019, Defendant hired Plaintiff as an Assistant Branch Manager at its Huntsville, Alabama location.

18. Branch Manager, Mr. Hyung Joon Park ("Park"), was Plaintiff's direct supervisor.

19. From the outset of Plaintiff's employment, Park made discriminatory statements and treated Plaintiff differently than other employees who were not African American.

20. Park was hostile and aggressive toward Plaintiff

21. Park would regularly threaten Plaintiff's job.

22. Park informed Plaintiff that he wanted "likeminded people" working with him.

23. Plaintiff thereafter approached Park to address his behavior toward Plaintiff.

24. In response, Park stated that he only trusts Koreans and it was his culture.

25. On January 16, 2020, Plaintiff emailed HR Representative, Ms. Lacey Maxwell ("Maxwell") and reported Park's discriminatory conduct.

26. Plaintiff notified Maxwell that he believed Park's comments to, and treatment of Plaintiff, were racially motivated.

27. Additionally, Plaintiff notified Maxwell that Park threatened his job, specifically telling Plaintiff that if Plaintiff sent the email, it would be serious, and Park would not work with him.

4

28. On February 11, 2020, a meeting was held with Park; Teddy Hong; HR Manager, Dan Skipworth ("Skipworth"); Suk Ho Lee ("Lee"); and Maxwell regarding formal complaints filed by two (2) employees, including Plaintiff, regarding Park's discriminatory conduct.

29. On March 27, 2020, Plaintiff emailed Skipworth and Ms. Kim Turgeon ("Turgeon"), wherein Plaintiff stated that Park was threatening Plaintiff's job and creating a hostile work environment.

30. Defendant failed to respond, investigate, and/or otherwise take action regarding Plaintiff's complaints.

31. On April 24, 2020, Plaintiff once again emailed Skipworth and Turgeon regarding Park's discriminatory conduct.

32. Plaintiff's email notified Skipworth and Turgeon that Park was discriminating against him because of his race and that Park had threatened retaliation if Plaintiff contacted HR.

33. Additionally, Plaintiff's email detailed Park's discriminatory remarks to Plaintiff, which included, but were not limited to the following:

   a. "LG and GFA are Korean based companies and if they had to lay one of us off, who do you think it would be?"

   b. "GFA fired the previous guy Tanner because he was not Korean…"

  c. That Park would listen to or take the word of someone who was Korean descent over Plaintiff.

34. On April 29, 2020, in response to Plaintiff's April 24, 2020, email, Skipworth summoned Plaintiff and Park to a meeting.

35. Plaintiff notified Skipworth that Park's aggressive and hostile treatment of Plaintiff was due to Plaintiff's race.

36. In response to Plaintiff's opposition to Park's discriminatory treatment, Skipworth stated, "[y]eah, it's very simple. When I walk out of that door fifteen (15) minutes and there are any other issues afterwards, I will be finding new management."

37. Park thereafter remained Plaintiff's supervisor.

38. Park continued to discriminate against Plaintiff.

39. On June 5, 2020, Plaintiff filed the First Charge with the EEOC.

40. On August 6, 2020, Skipworth terminated Plaintiff's employment.

41. As a result of Plaintiff's termination, he has suffered extreme professional and personal hardship.

## COUNT I
## RETALIATION IN VIOLATION OF TITLE VII

42. Plaintiff is an African American and a member of a protected class.

43. Plaintiff exercised a protected right under Title VII when he submitted verbal and written internal complaints to Defendant on January 16, 2020, February 11, 2020, March 27, 2020, April 24, 2020, and April 29, 2020.

44. During Plaintiff's April 29, 2020, meeting with Skipworth and Park, Plaintiff informed Skipworth that Park's aggressive and hostile treatment of Plaintiff was due to Plaintiff's race.

45. In response to Plaintiff's opposition to Park's discriminatory treatment, Skipworth stated, "[y]eah, it's very simple. When I walk out of that door fifteen (15) minutes and there are any other issues afterwards, I will be finding new management."

46. Defendant's failure to take remedial action emboldened Park, and as such, Park's hostile and discriminatory treatment of Plaintiff continued.

47. Plaintiff exercised a protected right under Title VII by filing the First Charge against Defendant.

48. The EEOC sent Defendant email notification of the filing of Plaintiff's First Charge on June 17, 2020.

49. Defendant terminated Plaintiff's employment on August 6, 2020.

50. Defendant terminated Plaintiff's employment because of his internal grievances, the filing of the First Charge and his participation in the EEOC's administrative process.

51. Plaintiff suffered extensive damages as a proximate result of the discrimination and retaliation, which were caused by Defendant's deliberate indifference to Plaintiff's federally protected rights.

52. As a result of Defendant's conduct, Plaintiff has been deprived of income and the benefits associated with employment. The conduct described above also caused Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

## COUNT II
## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

53. Plaintiff is African American and a member of a protected class.

54. Plaintiff exercised a protected right under 42 U.S.C. § 1981, and opposed conduct made unlawful by the same, when he submitted verbal and written internal complaints to Defendant on January 16, 2020, February 11, 2020, March 27, 2020, April 24, 2020, and April 29, 2020.

55. During Plaintiff's April 29, 2020, meeting with Skipworth and Park, Plaintiff informed Skipworth that Park's aggressive and hostile treatment of Plaintiff was due to Plaintiff's race.

56. In response to Plaintiff's opposition to Park's discriminatory treatment, Skipworth stated, "[y]eah, it's very simple. When I walk out of that door fifteen (15) minutes and there are any other issues afterwards, I will be finding new management."

57. Defendant's failure to take remedial action emboldened Park, and as such, Park's hostile and discriminatory treatment of Plaintiff continued.

58. Plaintiff exercised a protected right on June 5, 2020, when he filed the First Charge.

59. At that time, Plaintiff believed, in good faith, that Park's conduct constituted race discrimination and that it violated 42 U.S.C. § 1981.

60. Defendant terminated Plaintiff's employment in retaliation for making external and internal complaints regarding discrimination.

61. Plaintiff suffered extensive damages as a proximate result of the discrimination and retaliation, which were caused by Defendant's deliberate indifference to Plaintiff's federally protected rights.

62. As a result of Defendant's conduct, Plaintiff has been deprived of income and the benefits associated with employment. The conduct described above also caused Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

**WHEREFORE,** Plaintiff respectfully requests this Court grant to Plaintiff the following:

A. A permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging further in its discriminatory treatment of African American employees on the basis of race;

9

B.  An Order that Defendant institute and carry out policies, practices, and programs, which provide equal provisions and employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices, including implementing a substantive policy against race discrimination and retaliation in the workplace;

C.  Damages for mental and emotional distress in an amount determined by a jury;

D.  Back pay for lost income and any other compensatory damages;

E.  Reinstatement, or Front pay if the Court finds reinstatement to be impracticable;

F.  Punitive damages in an amount to be determined by a jury;

G.  A reasonable attorneys' fee;

H.  Plaintiff's costs and expenses;

I.  Interest on all monies owed;

J.  Any other relief the Court deems just and appropriate.

Respectfully submitted on this the 29th day of December 2021.

*s/ Anthony D. Michel*
Anthony D. Michel (ASB-6809-O64M)
*Attorney for Plaintiff, Orlando Walton*

**WRADY MICHEL & KING**
505 20th Street North, Suite 1650
Birmingham, Alabama 35203
P: (205) 980-5700
F: (205) 994-2819
anthony@wmalabamalaw.com

## JURY DEMAND

Plaintiff demands trial by struck jury.

*s/ Anthony D. Michel*
Attorney for Plaintiff

**DEFENDANT WILL BE SERVED VIA PROCESS SERVER AT THE FOLLOWING ADDRESS:**

**GFA Alabama, Inc.**
c/o Glenn McDonald
601 Bel Air Boulevard, Suite 402
Mobile, Alabama 36606

*s/ Anthony D. Michel*
Attorney for Plaintiff
